Delemas C. Warren
P.O. Box 65771
Tucson, AZ 85728
520-334-0604
delemas@yahoo.com

In The United States District Court

For The District of Arizona

Delemas C. Warren,

    Plaintiff

Vs.

Portfolio Recovery Associates, LLC, a Virginia Company;

and

Brian Pearson, individually, and as an in-house counsel of Portfolio Recovery Associates, LLC.

    Defendants

No. CIV11-478 TUC FRZ

Complaint

-1-

## Complaint

Complaint for violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Arizona Revised Statutes, the Federal Trade Commission Act, the Gramm-Leach-Biley Act, and the Consumer Credit Protection Act, intentional infliction of emotional distress and mental anguish.

COME NOW, the PLAINTIFF, Delemas C. Warren, pro se, respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief, ancillary relief, and Damages. In support thereof, Plaintiff shows unto the Court as follows:

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendants, Portfolio Recovery Associates, LLC., (hereafter "PRA"), Brian Pearson (hereafter "Mr. Pearson")and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Debt collection Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA")), the Arizona Revised Statutes (hereafter "A.R.S."), the Gramm-Leach-Biley Act (15 U.S.C. § Sec. 6801-6809 (hereafter "GLBA")), The Federal Trade Commission Act (15 U.S.C. § 45(a)(1) (hereafter "FTC Act")), and 18 U.S.C. § 1038(a)(1)(A) (hereafter "US Code: Title 18"). An actual controversy exists between the parties, in that the challenged actions of the DEFENDANTS have caused and will continue to cause the PLAINTIFF substantial harm unless the requested relief is granted.

### Count 1-Violations of the A.R.S

1. The defendants PRA and Mr. Pearson are debt collectors/collection agencies defined by the state of Arizona and are not licensed to conduct business as such within the state of Arizona but attempted and continued collection activities whey they knew they were not licensed to do so. This is a violation of A.R.S. 32-1055(A).

2. The defendants committed and continued collection activities on an account that they are not permitted by law to collect on because they did not show ownership by way of contract, receipt or a bill of sale which is a violation of A.R.S. 47-2201(A).

### Count 2-Violations of the FDCPA

3. The defendants called me repeatedly and mailed correspondence when they had no authority to do so. Even when they were told they had no legal authority to do so, they continued which is harassment therefore; they have violated 15 U.S.C. 1692d and 1692d(4).

4. The defendants have written on the three separate notices sent to the plaintiff three different dollar amounts on each notice they are attempting to collect. This is a misrepresentation of the actual amount and a violation of 15 U.S.C. 1962e(2)(A).

5. The defendants provided no validation to the items I disputed and threatened to discontinue my validation request and they did so which is an action they could not legally take because they must validate the debt or disputed portion thereof before they can continue collection activities therefore, they have violated 15 U.S.C. 1962e(5)

6. The defendants wrote the Arizona Attorney General's Office

and the Arizona Department of Financial Institutions that they mailed a notice May of 2009 but I never received this alleged notice which they falsely represented information to the state therefore, they are in violation of 15 U.S.C. 1962e(8)

7. The defendants stated they are owners of this account but have not provided documents showing a contract, bill of sale, or receipt proving ownership thus have false represented they are owners and have violated 15 U.S.C. 1962e(10).

8. The defendants stated that they are discontinuing the validation request because my dispute and validation request is an "alleged dispute" but the defendants signed for and received the dispute and validation request on January 28, 2010 thus they falsely represented information to continue collection attempts and are in violation of 15 U.S.C. 1962e(10).

9. The defendants letter to the Arizona Attorney General's Office does not contain the necessary disclosure "the communication is from a debt collector" and it is required of all supplemental communications from debt collectors therefore, they have violated 15 U.S.C. 1962e(11).

10. The defendants charged a total of $40.79 in interest and different interest amounts in all notices but they provided no agreement between them and the original creditor that confers authority on the defendants to collect this or any other amount outside than what is owed, thus is a violation of 15 U.S.C. 1692f(1).

11. The defendants sent a notice in the form of a postcard and debt collectors can not communicate with consumers via postcards thus is a violation of 15 U.S.C. 1692f(7).

12. The account was disputed and the defendants never provided documents giving them authority to collect on the account nor did they cease collections activities when they could not validate the disputed portion thereof. This is a violation of 15 U.S.C 1692g(b).

13. The defendants demanded a payment in their first notice within the thirty day validation period after the debt was disputed. Collection activities must cease until validation of the debt and all disputed portions thereof are provided and if it is not, then it is a violation of 15 U.S.C 1692g(b).

14. The defendant sent a second notice that demanded a payment yet they never validated disputed information during the validation period from the first notice. No additional demands may be made within the validation period and no additional demands may be made unless validation is provided and the defendants did not provide validation of the debt and this is a violation of 15 U.S.C. 1692g(b.)

## Count 3-Violations of the GLBA

16. The defendants did not respect nor keep this account information private as it was used as the account number in their correspondence to the State of Arizona and exposed it in a way that could cause harm and inconvenience which violated 15 U.S.C. Sec. 6801(a) and 6801(b).

17. The defendants reported nonpublic personal information to the Arizona Attorney General's office and the Arizona Department of Financial Institutions before they provided an opt out notice and opportunity for me to choose which information I do or do not want shared and by not doing this

12. The account was disputed and the defendants never provided documents giving them authority to collect on the account nor did they cease collections activities when they could not validate the disputed portion thereof. This is a violation of 15 U.S.C 1692g(b).

13. The defendants demanded a payment in their first notice within the thirty day validation period after the debt was disputed. Collection activities must cease until validation of the debt and all disputed portions thereof are provided and if it is not, then it is a violation of 15 U.S.C 1692g(b).

14. The defendant sent a second notice that demanded a payment yet they never validated disputed information during the validation period from the first notice. No additional demands may be made within the validation period and no additional demands may be made unless validation is provided and the defendants did not provide validation of the debt and this is a violation of 15 U.S.C. 1692g(b.)

### Count 3-Violations of the GLBA

16. The defendants did not respect nor keep this account information private as it was used as the account number in their correspondence to the State of Arizona and exposed it in a way that could cause harm and inconvenience which violated 15 U.S.C. Sec. 6801(a) and 6801(b).

17. The defendants reported nonpublic personal information to the Arizona Attorney General's office and the Arizona Department of Financial Institutions before they provided an opt out notice and opportunity for me to choose which information I do or do not want shared and by not doing this

they have violated of 15 U.S.C. Sec. 6802(b).

18. The defendants reporting of nonpublic personal information to the Attorney General's office and Department of Financial Institutions is unlawful because they never showed ownership of this account nor are they licensed to conduct business in Arizona thus, is a violation 15 U.S.C. Sec. 6802(c).

19. The defendants never provided a disclosure policy before or after a business relationship was established on this account and this should have happened when the defendants first made contact with the plaintiff and is a violation of 15 U.S.C. Sec. 6803(a).

## Count 4-Violations of the FTC Act

20. The defendants stated they are the owners of this account but provided no proof to show ownership and continued collection activities on this account when they knew they had no authority to collect and when the plaintiff informed them they have to right therefore, it was false and misleading representation and they have violated of 15 U.S.C. 45(a)(1).

21. The defendants knew they were not licensed to conduct business in Arizona and knew they were not permitted by law to collect on this account and ignored my informing them of this and continued collection activities which was deceptive and therefore, have violated 15 U.S.C. 45(a)(1).

23. The defendants continued collection activities on this account when they knew they had no authority or were not permitted by law to do so because they showed no ownership of the account and are not licensed in Arizona do conduct business which is a deceptive practice and a violation of 15 U.S.C.

45(a)(1).

24. The defendants stated to the Arizona Attorney General's office they mailed a notice in mail in May of 2009 but no notice was received by the plaintiff until January of 2010 this is false representation thus is a violation of 15 U.S.C. 52(a).

### Count 6-Violations of US Code: Title 18

25. The defendants stated they purchased this account but did not provide documentation to show they are the owners of the account. This is false information and is a violation of 18 U.S.C. 1038(a)(1)(A).

26. The defendants stated that my dispute and validation request was an "alleged dispute" but defendants received the dispute by way of certified mail/return receipt and knew the dispute was valid. This is false and misleading information and a violation 18 U.S.C. 1038(a)(1)(A).

27. The defendants stated they mailed a notice May of 2009 but the plaintiff never received a notice from the defendants until January of 2010. The defendants knew they did not mail a notice in May and were trying to avoid liability and mislead the state into not investigating my complaint further. This is false and misleading information reported to the plaintiff and the State of Arizona which is a violation of 18 U.S.C. 1038(a)(1)(A)

### Count 7-Intentional infliction of emotional distress and mental anguish

25. The Defendants intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and injure the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff

into paying a debt which was not legitimately owed, and conspired to systematically and falsely represent to the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.

26. The Defendants attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

### Jurisdiction and Venue

27. Jurisdiction of this court arises under, 15 U.S.C. § 1692k(d), 15 U.S.C. § 57b(b), 15 U.S.C. 6805(e), 18 U.S.C § 1038(b) and 1038(c).

28. Venue is proper, because all of the relevant events occurred within Pima County in the State of Arizona, which is located within this District.

29. Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.

30. This is an action brought by a consumer for violations of the above named Acts in connection with the debt and the defendant's collection tactics in attempting to collect it, the defendant's refusal to cease collection activities, reporting information when it should not be reported, despite written correspondence specifying the inaccuracies and providing

information that would facilitate a reasonable reinvestigation of the matter. Thus, the plaintiff seeks damages and, to the extent possible, injunctive and ancillary equitable relief.

### Requested relief

WHEREFORE, the Plaintiff respectfully requests relief as follows:

(A) For preliminary and permanent injunctive relief pursuant to 15 U.S.C. 13(b), enjoining all of the named Defendants from engaging in further violations of the FDCPA, the A.R.S., the GLBA, US Code: Title 18, and the FTC Act.

(B) For preliminary and permanent injunctive relief pursuant to 15 U.S.C. 13(b), enjoining all of the named Defendants from:

1. Selling, transferring, reporting, or otherwise assigning the above named account to any other collection agency, debt collector, reseller or Credit Reporting Agency.

2. Attempting to place the Plaintiff on any "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation as a as a consumer in connection with any and all transactions carried out or related to the aforementioned debt.

(C) For an order awarding actual damages in the following amount:

1. Against PRA, in the amount of $100,000.

2. Against Mr. Pearson, in the amount of $50,000

(D) For an order awarding statutory damages in the following amounts:

1. Against PRA, for violations of the FDCPA, in the amount of $1,000; for violations of the GLBA, in the amount $300,000, ($100,000 penalty violation per section pursuant to the

Financial Institution Privacy Protection Act of 2003); for violations of the FTC Act, in the amount of $40,000, ($11,000 penalty violation per section pursuant to 16 C.F.R. § 1.98(c) and pursuant to 16 C.F.R. § 1.98(m) any reference to the FTC Act under any other provision).

2. Against Mr. Pearson, for violations of the FDCPA, in the amount of $1,000; for violation of the FTC Act, in the amount of $44,000, ($11,000 penalty violation per section pursuant to 16 C.F.R. § 1.98(c) and pursuant to 16 C.F.R § 1.98(m) any reference to the FTC Act under any other provision); for violations of the GLBA, in the amount of $30,000, ($10,000 penalty violation per section pursuant to the Financial Institution Privacy Act of 2003).

(E) For an order awarding punitive damages as follows:

1. Against PRA, in the amount of $100,000 for egregious, as well as, deceptive collection attempts, false and/or misleading representation, and willful noncompliance.

2. Against Mr. Pearson, in the amount of $50,000 for egregious, as well as, deceptive collection attempts, false and/or misleading representation, and willful noncompliance.

(E) For an order awarding ancillary equitable relief in the amount as follows:

1. Against PRA, for violations of US Code: Title 18, in the amount of $100,000 and/or statutory imprisonment.

2. Against Mr. Pearson, for violations of US Code: Title 18, in the amount of $50,000 and/or statutory imprisonment.

    Please take note that the plaintiff requests a motion for summary judgment.

RESPECTFULLY SUBMITTED this ___ day of August, 2011.

By:_____
Delemas C. Warren
*In Propria Persona*

ORIGINAL OF THE FOREGOING
filed this _____ day of August, 2011 with
Clerk of the United States District Court
Southern District of Arizona

COPY OF THE FOREGOING
hand-delivered this _____ day of
_____, 2011, to:

COPY OF THE FOREGOING
Via US MAIL this _____ day of
August, 2011, to:

Portfolio Recovery Associates, LLC
C/o CT Corporation System, Statutory Agent
2394 E. Camelback Rd.
Phoenix, AZ 85016
602-277-4792

Brian Pearson, In-house Counsel
Portfolio Recovery Associates, LLC
C/o CT Corporation System, Statutory Agent
2394 E. Camelback Rd.
Phoenix, AZ 85016
602-277-4792